IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------X
                                                 :
STEPHANIE BADOLATO                               :     3:10 CV 1855 (JBA)
                                                 :
                                                 :
V.                                               :
                                                 :
JOSEPH ADILETTA,                                 :     DATE: JANUARY 5, 2012
REBECCA GARCIA and                               :
JOSEPH BADOLATO                                  :
-------------------------------------------------X
```

## RULING ON PLAINTIFF'S MOTION TO COMPEL

On November 30, 2010, plaintiff, Stephanie Badolato, a resident of West Virginia, commenced this action arising out of an alleged deprivation of plaintiff's right to family association and to be free from a deprivation of substantive due process by defendant Joseph Badolato, a City of Bridgeport Police Officer, and plaintiff's husband, from whom she is separated and with whom she shares joint custody of their minor children who reside in Connecticut with defendant Badolato. (Dkt. #1). Plaintiff alleges that defendant Badolato threatened her with arrest if she attempted to contact her children, and has deprived her of contact or communication with the children. (Id., ¶ 8). In her complaint, plaintiff also asserts that defendants Rebecca Garcia and Joseph Adiletta, both City of Bridgeport Police Officers, refused to take plaintiff's criminal complaint or conduct any investigation thereof, depriving plaintiff of equal protection in violation of the First and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. §§ 1983 and 1988. (Id., ¶¶ 9-12, 14). On November 18, 2011, defendants filed their answer. (Dkt. #18). Under the latest scheduling orders, all discovery was to be completed by December 1, 2011 and all dispositive

motions are due by February 3, 2012. (Dkts. ##23, 31).[1]

On December 14, 2011, plaintiff filed the pending Motion to Compel (Dkt. #26), followed two days later by a brief in support. (Dkt. #27). On December 19, 2011, defendants filed their brief in opposition (Dkt. #28),[2] and the next day, the pending motion was referred to this Magistrate Judge. (Dkt. #30).

For the reasons stated below, plaintiff's Motion to Compel (Dkt. #26) is <u>granted in part and denied in part</u>.

## I. DISCUSSION

In plaintiff's initial motion, she sought responses to every interrogatory and request for production propounded upon defendant Badolato on or about September 10, 2011. (Dkt. #26). However, in her brief in support of her motion, filed two days after the initial motion was filed, plaintiff noted that upon the filing of her motion to compel, defendant Badolato served his answers and objections, in response to which, plaintiff now seeks an order compelling responses to Interrogatories 10A-C and Requests for Production Nos. 2, 11 and 12. (Dkt. #27, at 1-2).[3] In response, defendants have agreed to produce a complete copy of the investigation regarding plaintiff's complaint against defendant Badolato (Request for Production No. 12). (Dkt. #28, at 2). Accordingly, to the extent defendants have not done so already, defendants shall produce responsive documents to Request for Production No.

---

[1] On January 24, 2011, United States District Judge Janet Bond Arterton referred this case to this Magistrate Judge for a settlement conference, which conference was held on April 5, 2011. (Dkts. ##12-14).

[2] Attached to defendants' brief in opposition is a copy of plaintiff's complaint and related court filings. (Exh. A).

[3] Additionally, in her brief, plaintiff withdraws her request for sanctions against defendant Badolato now that he filed responses to plaintiff's discovery. (Dkt. #27, at 1; <u>see</u> Dkt. #26, at 1).

12 **on or before January 13, 2012**.

Defendants contend, however, that the request for documents related to a May 2011 school incident (Request for Production No. 2) is a "fishing expedition" related only to the family court proceedings between plaintiff and defendant Badolato and not relevant to this pending litigation. (Dkt. #28, at 2-3). The Court agrees. The issues in this litigation arose out of incidents on February 17, 2010 and in August 2010 when plaintiff alleges that defendant Badolato threatened to have plaintiff arrested and prevented her from seeing her minor children, and in July 2008 when, as alleged by plaintiff, defendants Garcia and Adiletta failed to take complaints about defendant Badolato seriously, thereby depriving her equal protection and access to the courts. (See Dkt. #1). Plaintiff has not alleged any connection between these incidents in 2008 and 2010 to a May 2011 incident with school officials or employees. Accordingly, plaintiff's Motion to Compel responses to Request for Production No. 2 is denied.

Defendants also object to plaintiff's requests related to all internal affairs complaints, investigations, and/or disciplinary documentation, as such documents are "private personnel files in which [defendant] Badolato has a reasonable expectation of privacy, and . . . plaintiff has not alleged any facts or claims that put that personnel history at issue in this case." (Dkt. #28, at 3). As discussed above, in her complaint, plaintiff alleges that during the two incidents that occurred in 2010, defendant Badolato, "while exercising his powers as a Bridgeport Police Officer, threatened" to have plaintiff arrested by one of his fellow Bridgeport police officers. (Dkt. #1, ¶ 8). The allegations in the complaint do relate to an alleged abuse of defendant's Badolato's power as a City of Bridgeport Police Officer, but do not convert defendant Badolato's entire personnel file and disciplinary history into

3

discoverable information. Accordingly, plaintiff's Motion to Compel <u>Interrogatory No. 10A-C and Request for Production No. 11 is granted in the limited extent</u> to such responses to complaints or internal disciplinary proceedings directly related to instances, if any, of defendant Badolato's abuse of power of his position as a police officer.[4] Similarly, defendants shall respond to Interrogatory No. 10A-C and produce any responsive documents to Request for Production No. 11 **on or before January 13, 2012**.

## II. CONCLUSION

For the reasons stated above, plaintiff's Motion to Compel (Dkt. #26) <u>is granted in part and denied in part</u>.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling <u>will</u> preclude further appeal to Second Circuit).**

---

[4]Although defendants contend that defendant Badolato was off duty at the time of the two alleged incidents, he need not be on duty to abuse his power as a police officer.

Dated at New Haven, Connecticut, this 5th day of January, 2012.

          /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge